Mary A. Bagley, Ex'x., et al.
vs.
Myra M. Page

Eq. No. 12223.

October 24, 1934.

SUMNER, J. Mary A. Bagley brings this bill of complaint, alleging that Joseph W. Bagley deceased leaving a will in which the complainant was named as executrix; that under the will said complainant was given the real and personal estate of the deceased during her life, with power to mortgage or sell the same if necessary; that after the execution of the will said Joseph W. Bagley gave a mortgage, secured by a note, to the respondent, Myra M. Page, his daughter, for an alleged consideration of $5000. The complainant also states that the mortgage and note were not given for $5000 or any valuable consideration and asks that the mortgage be declared null and void and that the respondent be ordered to cancel and deliver up said mortgage and note.

The complainant did not ask for an accounting in the bill, although her attorney at the hearing asked that the respondent be reimbursed for whatever payments she had made for the mortgagor and that after the reimbursement the property should remain subject to the terms of the will.

There was testimony on the part of the respondent that she had made certain payments on behalf of her father, the mortgagor, and that she had agreed to live with and look out for him.

Assuming that some consideration was needed to support the mortgage, it would appear that the consideration testified to by the respondent was sufficient. However, the Courts have held that a mortgage may be made by way of gift when the rights of creditors are not thereby interfered with, and that a mortgage without valuable consideration is good as against all persons except creditors whose claims existed at the time the mortgage was executed; also, that if the consideration is valuable it need not be adequate.

Jones on Mortgages, 7th ed. Vol. 1, Ss 610 & 614.

The bill is denied and dismissed.

For complainant: Vance & Vance.

For respondent: George A. Panaretus.